2023 IL App (1st) 221782-U

FIFTH DIVISION

April 21, 2023

No. 1-22-1782

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| COLIN KISSOON, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 19 CH 9140 |
| | ) | |
| BARBARA VLCEK and UKNOWN OCCUPANTS, | ) | |
| | ) | The Honorable Raymond |
| Defendant | ) | Mitchell and Anna |
| | ) | Demacopoulos, Judges |
| (Cheryl Simpson, Appellant) | ) | Presiding. |

_____

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Lyle and Navarro concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The law of the case doctrine prevents relitigation of an issue which this court decided in a prior appeal. The second appeal was frivolous within the scope of Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994) and the appellant is sanctioned to pay the appellee's attorney fees.

¶ 2    The plaintiff, Colin Kissoon, filed a three-count amended complaint against the defendants, Barbara Vlcek and unknown owners, for ejectment, specific performance, and breach of contract, relating to residential property located in Chicago. The circuit court granted summary judgment to Kissoon and entered an order declaring that he was the lawful owner and possessor of the property as against Vlcek and unknown occupants. The court stated in the order that Vlcek "had litigated with great gusto but made assertions devoid of truth."

¶ 3    Shortly after the circuit court granted summary judgment to Kissoon, he filed a motion for an eviction order against unknown occupants whom he discovered residing at the property. On March 8, 2021, the court granted that motion, specifically finding that the unknown occupants at the property were (1) not Kissoon's tenants, (2) had no possessory right to the property, and (3) were a direct threat to the health and safety of Kissoon, his family, and neighbors. The court also directed the Cook County Sheriff to execute the eviction order *instanter*.

¶ 4    Shortly thereafter, Cheryl Simpson, who identified herself as one of the unknown occupants, filed a motion to reconsider and stay the circuit court's ejectment order, in which she essentially reiterated Vlcek's arguments opposing summary judgment. Simpson was already familiar to the court because she had assisted Vlcek in defending against the summary judgment motion, though Simpson was not an attorney and never sought leave to intervene in the case. Kissoon responded to Simpson's motion, arguing she lacked standing to attack the summary judgment order because she was not a party. On April 20, 2021, the court denied Simpson's motion. She then appealed only the March 8 order granting summary judgment in favor of Kissoon.

¶ 5    On April 29, the Cook County Sheriff executed an eviction order at the property against an unnamed female resident.

¶ 6    Kissoon moved to dismiss Simpson's appeal and requested that this court impose sanctions upon her pursuant to Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994). This court took Kissoon's motions with the case. After full briefing, this court issued a 21-page opinion reviewing the case in detail. This court reasoned that because Simpson was not a party, her motion to reconsider the summary judgment order did not toll the time to appeal that order, resulting in her appeal being untimely. Therefore, this court dismissed her appeal. *Kissoon v. Vlcek*, 2022 IL App (1st) 210488 (*Kissoon I*).

¶ 7    This court next addressed Kissoon's sanctions motion. Although the court lacked jurisdiction over Simpson's appeal on the merits, it was required to address the merits of the appeal to determine whether it was frivolous. In so doing, this court found that Simpson lacked standing, and the circuit court's summary judgment order was well grounded in the facts and law. *Kissoon I*, ¶¶ 65-68. Specifically, this court found that "Simpson's appeal and her reconsideration motion in the trial court were frivolous, as they were not well-grounded in fact or warranted by law." *Id.* ¶ 65. Notwithstanding that finding, this court declined to grant sanctions, noting that Simpson's actions were grounded in "a wholly mistaken but understandable layperson's belief." *Id.* ¶ 69.

¶ 8    Simpson was undeterred. On August 11, 2022, only days after this court returned its mandate to the circuit court, Simpson filed a pleading in the circuit court captioned "petition to vacate summary judgment and eviction order." The petition does not reference section 2-1401 of the Illinois Code of Civil Procedure (Pub. Act 102-813, § 675 (eff. May 13, 2022) (amending 735 ILCS 5/2-1401)) or any other procedural mechanism for vacating a circuit court order at such a late juncture. It also does not reference this court's opinion which held that Simpson lacked standing. On September 9, 2022, Simpson also filed a "petition to have a corrected order drafted."

¶ 9    On November 3, 2022, the circuit court[1] entered an order stating: "Pursuant to the Appellate Court's mandate denying Non-Party Cheryl Simpson's appeal for lack of jurisdiction and standing to appeal, Non-Party Cheryl Simpson's Emergency Petitions are DENIED." On November 29, Simpson filed a notice of appeal not only appealing the November 3, 2022 order, but orders supposedly entered on March 8, 2019, March 31, 2019, and April 19, 2019. However, the complaint was not even filed until August 7, 2019. Clerical errors in a notice of appeal do not necessarily render the notice defective, so we will presume that the year "2019" is a scrivener's error and that Simpson intended to refer to orders entered in 2021. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 41.

¶ 10    Simpson has filed a brief in this court which does not even mention this court's prior opinion. Kissoon has moved to dismiss the appeal, and he again seeks sanctions under Illinois Supreme Court Rule 375 (eff. Feb. 1, 1994). Simpson responded to those motions, and then moved to file an additional response. This court stayed further briefing on its own motion.

¶ 11    We first address jurisdiction. Simpson already appealed the March 8, 2021 order granting summary judgment and, presumably, earlier orders in the procedural progression leading to it. This court found that her appeal was untimely. *Kissoon I*, ¶ 59. It is obvious that her second and later appeal of those same orders is also untimely. However, Simpson's appeal of the circuit court's November 3, 2022, order is timely, and we will proceed to review that portion of the appeal.

¶ 12    In her brief, Simpson does not explain how the circuit court could have had jurisdiction to entertain her post-appeal petition to vacate summary judgment and eviction order, and her petition

---

[1] Up to this point, the relevant orders had been entered by Judge Raymond Mitchell. However, he was then appointed to this court, and the final order was entered by Judge Anna Demacopoulos.

to issue a corrected order. Instead, she rehashes arguments she made in the prior appeal against the circuit court's original summary judgment order. These arguments are now barred by the law of the case doctrine. Under that doctrine, rulings on points of law made by a reviewing court are binding in that case both on the trial court and on subsequent appeals to that same reviewing court, unless a higher court has changed the law. Therefore, the determination of a question of law by an appellate court on the first appeal is generally binding upon it on the second appeal. See *Barnai v. Wal-Mart Stores, Inc*., 2021 IL App (1st) 191306, ¶ 48 (citing *Emerson Electric Co. v. Aetna Casualty & Surety Co*., 352 Ill. App. 3d 399, 417 (2004) and *Krautsack v. Anderson*, 223 Ill. 2d 541, 552 (2006)). We see no reason to depart from that doctrine here, and therefore affirm the circuit court's November 3, 2022, order.

¶ 13   Kissoon has moved for sanctions against Simpson in this appeal, and we agree that sanctions are appropriate. In *Kissoon I*, although this court specifically found that Simpson's appeal was frivolous within the meaning of Rule 375, it stayed its hand, noting Simpson's "mistaken layperson's belief." All litigation must eventually come to an end, however, and this litigation came to an end when this court issued *Kissoon I*. Simpson's conduct in returning to the circuit court, and this court, to relitigate decided issues is even more frivolous than her conduct in the first appeal, and the facts which moved this court to deny sanctions in *Kissoon I* are no longer present. Instead, the record shows that Simpson has ignored multiple warnings regarding her potentially sanctionable conduct. These warnings include this court's opinion explaining to Simpson why her position was incorrect, as well as a letter Kissoon's counsel sent to Simpson, informing her that she could face sanctions if she did not withdraw this appeal. Rather than heeding these warnings, Simpson pursued the same arguments she already lost in the circuit court and this court.

¶ 14   Upon consideration of the sanctions motion, we find that this appeal was frivolous within the scope of Rule 375, and we impose a sanction of paying Kissoon "the reasonable costs of the appeal *** including reasonable attorney fees." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994); see also *Parkway Bank and Trust Company v. Korzen*, 2013 IL App (1st) 130380, ¶¶ 101-102. Kissoon may file a petition for attorney fees and costs within 14 days of this court's order, restricted to fees relating to this appeal. Simpson shall then have 14 days to file a response. The response shall be strictly limited to the attorney fee petition, and shall not address the case on the merits. This court shall retain jurisdiction to consider the fee petition.

¶ 15   In summary, we dismiss the appeal as to the circuit court orders entered in 2021, and affirm the circuit court's November 3, 2022 order. We thus grant the pending motion to dismiss in part and deny it in part, and we grant the motion for sanctions. We also grant Simpson's motion to file an additional response to the motion to dismiss, and set a briefing schedule on Kissoon's fee petition.

¶ 16   Affirmed in part and dismissed in part.